UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

ARLENE HALLOWAY, as Personal Representative
of PATRICIA WILLIAMS,

       Plaintiff,

v.                                                                                                     No. 1:10-CV-0844 JCH/KBM

BNSF RAILWAY CO. and XYZ CORPORATIONS 1-5,
ABC PARTNERSHIPS 1-5 and LMN BUSINESSES 1-5,

       Defendants.

## **ORDER ON PLAINTIFF'S MOTION TO COMPEL** *(Doc. 49)*

THIS MATTER came before the Court upon Plaintiff's Motion to Compel Defendant BNSF Railway Co. to Provide Dates for Depositions and to Make Witnesses Available for Deposition, filed on October 26, 2011.  Having thoroughly reviewed the briefs and exhibits submitted by the parties, the Court finds that the motion is well taken in part.

Plaintiff seeks to depose Richard Wessler, who serves as BNSF's Director of Passenger Train Operations and National Railroad Passenger Corporation (Amtrak) Officer for BNSF.  Decedent Patricia Williams was hit and killed by a BNSF freight train.  Defendant contends that she was an intoxicated trespasser, and that because Mr. Wessler's duties at BNSF deal exclusively with passenger as opposed to freight trains, his deposition is not calculated to lead to discovery of relevant evidence.

I respectfully disagree with Defendant's position on this point.  Plaintiff has submitted exhibits that indicate that through Mr. Wessler's work with BNSF, he knows of "efforts BNSF has employed throughout the country to improve safety for pedestrians and persons killed by BNSF and whom BNSF labels as 'trespassers.'" Doc. 67 at 2; *see also* Doc. 67-3.  It would

therefore appear that Mr. Wessler may have "discoverable information regarding BNSF's knowledge of a dangerous condition on their premises and efforts, if any, by BNSF to make their premises safe" which would be relevant to Plaintiff's claims. *Doc. 67 at 2.*

On the other hand, Defendant is correct that my Order adopting the parties' proposed discovery plan limits each side to 10 depositions, and that after experts are identified, Plaintiff's proposed deponents may exceed this allocation. I am always able to increase that number if Plaintiff shows good cause, however. The exhibits demonstrate that the attorneys have engaged in good faith negotiations about agreeing to a limited extension to the number of authorized depositions. Perhaps because of such discussions, Plaintiff has felt it might be counterproductive to seek leave of the Court to increase the authorized number of depositions. *See e.g., Doc. 67-6.* If the parties are unable to agree, Plaintiff retains the right to seek relief from the Court and make the required showing.

Wherefore,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Compel is granted in part in that Plaintiff is permitted to depose Mr. Wessler. In all other respects the motion is denied. If the parties are unable to agree on the number of permissible depositions, Plaintiff is free to file a motion to modify the Court's previous discovery orders.

_____
THE HONORABLE KAREN B. MOLZEN
UNITED STATES CHIEF MAGISTRATE JUDGE