IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ARLENE HALLOWAY, as Personal Representative
of PATRICIA WILLIAMS,

    Plaintiff,

v.                                                                                       CIV 10-0844 JCH/KBM

BNSF RAILWAY CO. and XYZ CORPORATIONS 1-5,
ABC PARTNERSHIPS 1-5 and LMN BUSINESSES 1-5,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Plaintiff's Motion to Compel Defendant BNSF Railway Co. to Determine the Sufficiency of Responses to Requests for Admission *(Doc. 78)*. Having reviewed the parties' submissions, I agree with Defendant BNSF Railway Co. ("BNSF") that Plaintiff's Motion seeks to revisit my earlier ruling *(Doc. 36)* regarding the relevance of other railway incidents in McKinley County. *See Doc. 90* at 1. Although I find Plaintiff's arguments unpersuasive, I will grant the Motion to the limited extent explained below.

**I.    BACKGROUND**

This lawsuit arises out of the death of Patricia Williams, who was struck and killed by a BNSF freight train on September 8, 2007. Earlier in this litigation, the parties requested the Court's ruling as to BNSF's burden of producing documents and information concerning other railway incidents in McKinley County. I ordered BNSF to produce documents and information concerning other railway incidents to the extent that such incidents involving trespassers which resulted in serious injuries or death and occurred within three miles in either direction of BNSF

milepost 156.5 and within five years prior to September 8, 2007.  *See Docs. 34-36*.  Plaintiff subsequently served Requests for Admission asking BNSF to admit or deny that trains operated by its crews were involved in certain incidents falling outside of the parameters I set.  *See Doc. 78-1*.  BNSF objected, referencing the limitations set forth in my earlier order.

II.    **LEGAL STANDARD**

"Strictly speaking Rule 36 is not a discovery procedure at all, since it presupposes that the party proceeding under it knows the facts or has the document and merely wishes its opponent to concede their genuineness."  8B CHARLES ALAN WRIGHT, ARTHUR R. MILLER & RICHARD L. MARCUS, FEDERAL PRACTICE AND PROCEDURE § 2253 (3d ed. 2010) (noting further that admissions are more akin to sworn testimony).  Like all discovery, however, requests for admission are permitted as to "any matters within the scope of Rule 26(b)(1)."  FED. R. CIV. P. 36(a)(1).  Objections to requests that go beyond the scope of discovery are valid.  *See* 8B WRIGHT, ET AL at § 2262.

When faced with a motion to determine the sufficiency of responses to requests for admission, the Court may find that:  (1) the objection is justified; (2) find that the objection is not justified and order that an answer be served; or (3) find that the answer does not comply with Rule 36.  FED. R. CIV. P. 36(a)(6).

III.    **ANALYSIS**

Clearly, information as to similar past incidents can lead to admissible evidence relevant to the issue of notice.  My Order *(Doc. 36)* was designed to set appropriate limitations by which such past incidents could fairly be said to be similar.  Plaintiff originally sought discovery of any railroad trespasser events that took place anywhere within McKinley County for the ten years

prior to Ms. Williams death, the burden and expense of which seemed to me to outweigh its likely benefit.  *See* Fed. R. Civ. P. 26(b)(2)(C).  It was not my intention, nor is it within my role, to rule on the admissibility of any incidents occurring outside of the somewhat arbitrary limits I set.  *See, e.g., Vigil v. Burlington N. and Santa Fe Ry. Co.*, 521 F. Supp.2d 1185, 1221 (D.N.M. 2007) (holding that prior occurrences are admissible "upon a showing that the circumstances surrounding them were substantially similar to those involved in the present case'" (quoting *Ponder v. Warren Tool Corp.*, 834 F.2d 1553, 1560 (10th Cir. 1987))).

Plaintiff did not object to my July 7, 2011 Order *(Doc. 36)* nor has she come forward to suggest that my Order is unduly restrictive.  I note it is Plaintiff's burden to establish the substantial similarity of other instances, or the applicability of a more relaxed level of similarity.  *See Ponder*, 834 F.2d at 1560.  Therefore, absent more specific evidence, I continue to believe that the limitations set forth in my original order are appropriate.  *See Doc. 36*.

Upon review of Plaintiff's Requests for Admission, however, I note that there are two other incidents which are so close to Milepost 156.5 that they fall within the spirit, even if not the exact letter, of my earlier order.  Request No. 11 references an alleged incident at Milepost 159.6, which is just one-tenth of a mile outside the six-mile stretch of railroad tracks for which I permitted discovery in my previous order.  Likewise, Request No. 12 refers to an incident occurring at Milepost 153.3, only two-tenths of a mile outside of my earlier order.  I find that BNSF should be required to respond fully to both of these Requests.

Wherefore,

IT IS HEREBY ORDERED that Plaintiff's Motion to Compel *(Doc. 78)* is **granted in part**.  Defendant BNSF Railway Co. shall respond fully to Plaintiff's Request for Admission Nos. 11 and 12 *(Doc. 78-1 at 6-7)*.  Plaintiff's Motion *(Doc. 78)* is otherwise denied, and BNSF's remaining responses are deemed sufficient.

_____
UNITED STATES CHIEF MAGISTRATE JUDGE