IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ARLENE HALLOWAY, as Personal Representative
of PATRICIA WILLIAMS,

    Plaintiff,

v.                                                                         CIV 10-0844 JCH/KBM

BNSF RAILWAY CO. and XYZ CORPORATIONS 1-5,
ABC PARTNERSHIPS 1-5, and LMN BUSINESSES 1-5,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Plaintiff's Motion for Leave to File Plaintiff's First Amended Complaint, to Join Additional Party, and to Remand Pursuant to 28 U.S.C. § 1447(e) [Doc. 45].  The Court, having reviewed the parties' submissions and the relevant law, finds the Motion should be DENIED.

## BACKGROUND

In her Original Complaint, filed September 7, 2010 in New Mexico's Eleventh Judicial District Court, Plaintiff sought damages from BNSF and unnamed corporations, partnerships and businesses related to the death of her niece, Patricia Williams. *See generally* Doc. 1-2.  Plaintiff makes no specific allegations against the Unnamed Defendants, noting that "[p]ermission of this Court will be sought to amend the pleadings if and when the existence and names of XYZ Corporations 1-5, ABC Partnerships 1-5, and LMN Businesses 1-5 are discovered." *Id.* at ¶ 5. As for Defendant BNSF, Plaintiff claims it was operating two trains—one traveling east and one traveling west. *See id.* at 2.  Allegedly, the eastbound train failed to sound its horn or bell, failed

to apply its braking system, and ultimately collided with Ms. Williams, causing her death.  *See id.*

Defendant BNSF promptly removed Plaintiff's Complaint to this Court on September 11, 2010.  According to the parties' Joint Status Report and Provisional Discovery Plan ("JSR"), filed March 28, 2011, Plaintiff has long intended to file an Amended Complaint.  *See* Doc. 17 at 2.  In the JSR, Plaintiff agreed to a deadline of July 15, 2011 to amend the pleadings and join additional parties.  *See id.*  No amendment to the July 15, 2011 deadline appears to have been requested.  Nonetheless, Plaintiff waited until October 31, 2011 to file the instant Motion to Amend.  *See* Doc. 50.

Plaintiff's proposed amendment seeks to add a party, Na'nizhoozhi Center, Inc. ("NCI"), a detoxification center located in Gallup, New Mexico.  *See* Doc. 45 at 2.  It appears that Plaintiff's decedent, Patricia Williams may have been admitted to NCI at or near the time of her death.  Plaintiff contends that she received a copy of NCI's file on Ms. Williams on or about September 21, 2011, "which revealed that Patricia Williams was released by NCI under similar circumstances as Mr. Bill was released."  *See id.*  Because NCI was allegedly deemed a necessary party in the lawsuit filed by Mr. Bill's family, Plaintiff argues NCI is also a necessary party in the present case.  *See id.* at 2-3 (referencing *Abigail Bill, as personal representative of Nicholas Y. Bill v. Burlington Northern and Santa Fe Railway Company and Na'Nizhoozhi Center, Inc.*; State of New Mexico, McKinley County, 11th Judicial District Court, Cause No. 2010-112-7).  Joinder of NCI would destroy subject matter jurisdiction in this Court because NCI is a New Mexico corporation; thus, Plaintiff argues that the case should be remanded back to state court.  *See id.* at 4.

## **LEGAL STANDARD**

"The court should freely give leave [to amend] when justice so requires." FED. R. CIV. P. 15(a)(2). "The purpose of the Rule is to provide litigants 'the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties.'" *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Hardin v. Manitowoc-Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982)). Generally, "a plaintiff should not be prevented from pursuing a valid claim just because she did not set forth in the complaint a theory on which she could recover, 'provided always that a late shift in the thrust of the case will not prejudice the other party in maintaining his defense upon the merits.'" *Evans v. McDonald's Corp.*, 936 F.2d 1087, 1090-91 (10th Cir. 1991) (quoting 5 C.Wright & A.Miller, *Federal Practice & Procedure* § 1219 at 194 (1990)). However, "Courts will properly deny a motion to amend when it appears that the plaintiff is using Rule 15 to make the complaint 'a moving target,' to 'salvage a lost case by untimely suggestion of new theories of recovery,' to present 'theories seriatim' in an effort to avoid dismissal, or to 'knowingly delay raising an issue until the eve of trial.'" *Minter*, 451 F.3d at 1206 (internal citations omitted).

Plaintiffs are not permitted "to wait until the last minute to ascertain and refine the theories on which they intend to build their case." *See id.* at 1091. Indeed, "untimeliness alone is a sufficient reason to deny leave to amend ... when the party filing the motion has no adequate explanation for the delay." *Pater v. City of Casper*, 646 F.3d 1290, 1299 (10th Cir. 2011) (quoting *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365-66 (10th Cir. 1993)). *Accord Birmingham v. Experian Info. Solutions, Inc.*, 633 F.3d 1006 (10th Cir. 2011) (holding that "a district court has discretion to deny a motion to amend as untimely when the movant's delay is unexplained").

Where, as here, a party seeks to amend after the deadline imposed by a Rule 16

scheduling order, the standard is not the lenient Rule 15(a) standard, but the "good cause" standard of Rule 16(b).  *See Rowen v. New Mexico*, 210 F.R.D. 250, 252 (D.N.M. 2002) (collecting supportive cases from the First, Second, Eighth, Ninth, and Eleventh Federal Circuit Courts of Appeal).  "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Id.* (quoting *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001)).  "[T]he Court may grant leave to modify the pretrial schedule and amend the complaint under Rule 16(b) only if the schedule 'cannot reasonably be met despite the diligence of the party seeking the extension.'" *Id.* (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992)).

## ANALYSIS

Regardless whether the "good cause" standard of Rule 16(b) is applied or the more liberal standard of Rule 15(a), Plaintiff has not offered an adequate explanation for her delay in filing the instant Motion to Amend.

Plaintiff's Motion discusses a similar lawsuit, *Abigail Bill, as personal representative of Nicholas Y. Bill v. BNSF Railway Co. and Na'Nizhoozhi Center, Inc.*, at length.  The plaintiff in the *Bill* case "sued NCI for, among other things, releasing Nicholas Bill without following their policies and procedures." *See* Doc. 45 at 2.  Plaintiff admits that "Plaintiff's Counsel and BNSF's Counsel are the same for the *Abigail Bill* Case and the present case." *Id.* at 2-3. Plaintiff was aware of the *Bill* case at the time she filed her original Complaint on September 7, 2010, because she mentions the case in her Complaint.  *See* Doc. 1-2 at ¶ 13(b).  As early as March 28, 2011, Plaintiff also named pleadings and depositions from the *Bill* litigation as potential exhibits in the present case.  *See* Doc. 17 at 12-13.

Plaintiff was likewise aware of NCI's role in the present case long before she sought to

amend.  She admitted in written discovery, served over a month prior to the July 15, 2011 deadline for amendment, that decedent Patricia Williams was an inpatient at NCI until the day before her death.  *See* Doc. 50-1 at 2.  *See also* Docs. 24, 31, 33 (noting Plaintiff's written discovery responses were served on May 4, 2011, May 31, 2011, and June 13, 2011, respectively).

Plaintiff asserts that it was nonetheless reasonable to wait until October 31, 2011 to seek to amend to add NCI.  On September 8, 2011, Plaintiff took the deposition of NCI's Manager, Jay Azua, who testified that Patricia Williams' case was an incident similar to what happened in the *Bill* case.  *See* Doc. 45 at 3.  On September 21, 2011, Plaintiff received NCI's file on Patricia Williams, which Plaintiff contends "reveal[s] that Patricia Williams was released by NCI under similar circumstances as Mr. Bill."  *See id.*

On the other hand, there is no dispute in the present case that Plaintiff intended to amend her original complaint from the time the JSR was written.  *See* Doc. 17 at 2 (stating "Plaintiff intends to file an amended pleading").  The deadline for fact discovery passed five months ago, little more than a month after Plaintiff filed her Motion.  *See* Doc. 108 (noting fact discovery deadline of December 19, 2011).  Moreover, as the Magistrate Judge assigned to this case has noted, the discovery period in this case is already over twice as long as the "standard" track of 120-150 days.  *See* Doc. 83 at 1 (noting that the discovery period was 361 days).  Dispositive motions are fully briefed and awaiting the Court's decision.  *See* Docs. 145, 147.  Eleven motions in limine have been filed, *see* Docs. 158-160, 162, 166-172, to which the Court has already received six responses, *see* Docs. 173-178.  Trial is set to begin on October 14, 2012.  *See* Doc. 91.

**A.     Plaintiff Has Not Shown "Good Cause" to Allow Her Proposed Late Amendment.**

To demonstrate "good cause" for extending the amendment deadline of July 15, 2011, Plaintiff must show that "the schedule 'cannot reasonably be met despite the diligence of the party seeking the extension.'" *Rowen*, 210 F.R.D. at 252 (quoting *Johnson*, 975 F.2d at 609). "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Id.* (quoting *Johnson*, 975 F.2d at 609).

The plaintiff in *Rowen* filed his motion to amend only 30 days after the deadline. *See Rowen*, 210 F.R.D. at 253. The *Rowen* court denied plaintiff's motion to amend, noting that "[p]laintiff has not made a single demonstration of his diligence in complying with the deadlines imposed by Magistrate Judge Garcia and does not explain his failure to name individual defendants in his Section 1983 claims even though he was previously advised to do so." *Id.*

Plaintiff in the present case filed the instant Motion to Amend more than three months after the JSR deadline of July 15, 2011. *See* Docs. 17, 45. Like the plaintiff in *Rowen*, Plaintiff in the present case has also made little, if any, effort to show good cause for the tardy proposed amendment. It is clear that Plaintiff knew the basic facts concerning NCI's involvement in this matter before the July 15, 2011 deadline. In her deposition, Plaintiff testified that she knew in 2007 that NCI was "like a protective custody" facility for alcohol treatment. *See* Doc. 50-1 at 2. Likewise, Plaintiff knew at least as of May or June 2011, the date of her discovery responses, that up until the day before she died, Ms. Williams received rehab treatment for alcohol abuse at NCI. *See id.* Thus, Plaintiff knew more than the mere existence of NCI prior to the deadline for seeking amendment, and she has failed to demonstrate "diligence in attempting to meet the case management order's requirements." *Rowen* at 252 (quoting *Bradford*, 249 F.3d at 809).

**B.     Plaintiff's Motion to Amend is Untimely Even Under the More Liberal Standard Provided in Rule 15(a).**

The Tenth Circuit has previously affirmed district courts' denials of motions to amend which were not timely filed.  In *Evans*, for example, the Tenth Circuit affirmed denial of amendment where the plaintiff, who originally pled retaliatory discharge, waited until two weeks prior to trial to change her theory to failure to hire.  *See* 936 F.2d at 1091.  Similarly, in *Pater*, the Tenth Circuit upheld a district court's denial of leave to amend where the new claim "raised substantially different factual issues after the close of discovery," and it would have been necessary to "grant significant additional time for discovery."  *See* 646 F.3d at 1299.  In *Birmingham*, the Tenth Circuit affirmed denial of right to amend where the plaintiff knew he had named the wrong party for nine months before filing the motion to amend.  *See* 633 F.3d at 1021.

In *Minter*, however, the Tenth Circuit held that while "[c]ourts 'do not normally expect to see claims or defenses not contained in the pleadings appearing for the first time in the pretrial order,'" the plaintiff had adequately explained the delay.  *See* 451 F.3d at 1206 (quoting *Wilson v. Muckala*, 303 F.3d 1207, 1215-16 (10th Cir. 2002)).  Specifically, the Tenth Circuit found that "[t]he plaintiff's attempt to assert a new claim in the pretrial order—to shift from a manufacturer product liability claim against Economy to an alteration product liability claim against Prime Equipment—was a response to these late disclosures from Prime Equipment and Economy."  *Minter*, 451 F.3d at 1207.  Also, although the plaintiff waited to seek amendment (via the pretrial order) more than six months after the defendants' late disclosures, the Tenth Circuit found this was an excusable delay because the plaintiff believed his pending complaint already encompassed the claim he later sought to make via the pretrial order.  *See id.*

Unlike the plaintiff in *Minter*, Plaintiff in the present case has not adequately explained her delay.  There are no facts in the present case, unlike in *Minter*, to indicate any kind of

7

discovery delay by BNSF or even non-party NCI.  Indeed, it appears that Plaintiff had all of the necessary information to name NCI from the outset of this litigation, and she openly stated her intention to seek amendment in the JSR.  Moreover, unlike *Minter*, the Plaintiff in the present case cannot argue that her original complaint encompassed the claims she now seeks to add to this lawsuit.  The facts reveal that Plaintiff did not act diligently to meet the scheduling order's deadlines, and Plaintiff simply has "no adequate explanation for the delay."  *Pater*, 646 F.3d at 1299 (quoting *Frank*, 3 F.3d at 1365-66).

## CONCLUSION

Plaintiff has not provided an adequate explanation for her delay of more than three months past the July 15, 2011 deadline for seeking leave to amend.  Accordingly, Plaintiff's Motion must be denied, whether under Rule 16(b) or the more liberal Rule 15(a).  Given this ruling, the Court need not consider Plaintiff's accompanying request to remand the case to state court due to destruction of diversity jurisdiction.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Leave to File Plaintiff's First Amended Complaint, to Join Additional Party, and to Remand Pursuant to 28 U.S.C. § 1447(e) [Doc. 45] is DENIED.

_____
**UNITED STATES DISTRICT COURT JUDGE**