IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ARLENE HALLOWAY, as Personal Representative
of PATRICIA WILLIAMS,

    Plaintiff,

v.                                                                    CIV 10-0844 JCH/KBM

BNSF RAILWAY CO. and XYZ CORPORATIONS 1-5,
ABC PARTNERSHIPS 1-5 and LMN BUSINESSES 1-5,

    Defendants.

# **MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTIONS TO COMPEL AND RECONSIDER**

THIS MATTER comes before the Court on Plaintiff's Motion to Compel and Motion to Reconsider *(Doc. 135)*. Although Plaintiff did not file a reply brief, she has filed a Notice of Completion of Briefing as to the motion. Having reviewed the parties' submissions and the relevant law, I find that further briefing is unnecessary, and the Motion should be denied.

Once again Plaintiff in this wrongful death action seeks expanded production of documents relating to trespassers and/or criminal activity occurring at or near Milepost 156.5, where Plaintiff's decedent was hit by a train operated by Defendant BNSF Railway Co. ("BNSF"). Approximately one year ago, the parties to this case sought the Court's assistance in resolving a discovery dispute involving such documents. *See* Doc. 36. Specifically, Plaintiff sought to compel production of documents in response to the following discovery requests, which are also at issue in the present Motion:

Interrogatory No. 7: As to each and every claim made against the owners of the premises located within five (5) miles of BNSF Milepost 156.5 for personal injuries or property losses suffered thereon as a result of some condition claimed to exist thereon, state the following, to wit: Describe each claim as to the names and addresses of each person involved, dates of each claim, place of occurrence on the premises, what happened, names of all persons with knowledge of any facts related thereto, the style number and court designation where any suit was filed and the final disposition of each claim and suit.

Interrogatory No. 11: Describe all records that are made by you or on your behalf concerning all prior trespassing incidents, injuries and/or death on the premises in question. With respect to such records, state the following, to wit: what information is supposed to be recorded, who records it, when is it recorded, where is it kept, how long it is retained, what are the reasons it is kept and who has access to it.

Request for Production ("RFP") No. 1: All documents, including but not limited to, photographs, incident reports, statements, and summaries, except ones prepared specifically in connection with your defense of this case, that refer to activities both upon or in the premises located at 156.5 where plaintiff was killed and within five (5) miles of each direction along the tracks.

RFP No. 2: All documents referring to claims or lawsuits against BNSF, except for documents prepared in connection with the defense of this suit, that arose from dangerous conditions alleged to exist within five (5) miles of each direction along the tracks from BNSF Milepost 156.5.

RFP No. 15: All documents, including but not limited to internal memos regarding security, crime, security shortcomings and/or complaints, and all correspondence or complaints regarding security and/or crime at BNSF Milepost 156.5 three (3) years prior to September 8, 2007.

RFP No. 26: Entire file (including correspondence, reports, statements and investigation) of all similar accidents occurring between Milepost 151.5 to Milepost 161.5 for five (5) years prior to September 8, 2007.

> RFP No. 30:  True and correct copy of the entire personnel records and files of the train crews involved in this incident, including but not limited to job applications, job certifications or re-certifications, disciplinary proceedings, investigations and/or discipline letters.

*See Doc. 135* at 4-9.

As memorialized in my Order of July 7, 2011, I set certain limitations as to the documents to be produced in response to the above requests.  *See Doc. 36*.  Generally, I ruled that BNSF's responses should be limited to documents and information concerning incidents which: (a) involved trespassers and/or criminal activity; (b) resulted in serious bodily injury and/or death; (c) occurred within three (3) miles in either direction of Milepost 156-5; and (d) happened no earlier than five years prior to the date of the subject incident.  *See id.; see also Doc. 135* (referencing the Court's prior Order).  Although Plaintiff could have appealed the order to the District Judge assigned to the case, she did not do so within the 14-day deadline.  *See* FED. R. CIV. P. 73(a) (providing that "[a] party may not assign as error a defect in the order not timely objected to").

Plaintiff asked that I revisit those limitations in December 2011.  *See Docs. 78, 102*.  At that time, I noted that it is not my role to rule on the admissibility on evidence of any incidents that occurred beyond the scope of discovery I had permitted.  Rather, it was my role to make discovery rulings in conformance with the rules of civil procedure during the course of pretrial management.  I also found that Plaintiff did not properly object to the July 2011 Order nor did she demonstrate, with two exceptions, substantial similarity of any such occurrences falling outside of the limits I prescribed.  *See Doc. 102* at 3 ("there are two other incidents which are so close to Milepost 156.5 that they fall within the spirit, even if not the exact letter, of my earlier

3

order."). Aside from those exceptions, I clearly declined to reconsider and thereby expand the past scope of discovery ruling.

In the instant Motion, Plaintiff again asks for modification of my July 2011 Order, this time requesting documentation of incidents involving pedestrians and trespassers and/or criminal activity occurring on BNSF's property <u>not</u> *resulting in serious personal injury and/or death*. *See Doc. 135*. Plaintiff argues that prior to the December 2011 deposition of BNSF's Rule 30(b)(6) representative, she was unaware of easily accessible documents/reports retained by BNSF of trespasser occurrences not resulting in serious injury or death which could arguably lead to admissible evidence. *See Doc. 135* at 3-4.

Plaintiff's position is untenable, however. My earlier limitations upon discovery were clear. To whatever extent Plaintiff felt that such incidents might be relevant and discoverable to their case, it was incumbent upon her to present this argument prior to the July 2011 Order or, at a minimum, appeal the July 2011 Order to the District Judge. Plaintiff's request to essentially reopen fact discovery, which closed December 19, 2011, and potentially require supplementation of expert reports, which were exchanged in March 2012, is unreasonable and would be prejudicial, particularly in light of the impending October 2012 trial date. *See Doc. 91*.

Wherefore**,**

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Compel and Motion to Reconsider [Doc. 135] is **denied**.

_____
UNITED STATES CHIEF MAGISTRATE JUDGE