IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ARLENE HALLOWAY, as Personal Representative
of PATRICIA WILLIAMS,

    Plaintiff,

v.                                                                             CIV 10-0844 JCH/KBM

BNSF RAILWAY CO. and XYZ CORPORATIONS 1-5,
ABC PARTNERSHIPS 1-5 and LMN BUSINESSES 1-5,

    Defendants.

## MEMORANDUM OPINION AND ORDER
## DENYING MOTION TO STRIKE *(Doc. 133)*

THIS MATTER comes before the Court on Defendant BNSF Railway Company's Motion to Strike Plaintiff's Sham, Third Supplemental Answers to Defendant BNSF's First Set of Interrogatories Served March 21, 2012 [Doc. 133]. Having reviewed the parties' submissions and the relevant law, I find the Motion should be DENIED.

**I.**      **BACKGROUND**

Plaintiff brings this litigation on behalf of her niece, Patricia Williams, who died September 8, 2007 after a violent collision with "an eastbound BNSF train." *See Doc. 1-2* at ¶ 11. In her Complaint Plaintiff alleged that the eastbound train that "failed to sound the train horn and bell at all, to warn Patricia Williams, of the approaching danger" and "failed to apply the braking system or otherwise slow the train in order to avoid colliding with Patricia Williams." *Id.* at ¶¶ 9, 10. Although the Complaint noted that a westbound train, also operated by BNSF, passed the same area, Milepost 156.6, at around the same time, *see id.* at ¶ 8, Plaintiff made no allegations of negligence concerning operation of the westbound train. *See generally id.*

The Complaint was filed September 7, 2010, the last day before the applicable statute of limitations would have expired.  *See* NMSA 1978, § 37-1-8 (providing a three-year statue of limitation "for an injury to the person or reputation of any person); NMSA 1978, § 41-2-2 (providing that every action brought under New Mexico's Wrongful Death Act "must be brought within three years" of the date of death).

After Defendant BNSF Railway Company ("BNSF") timely removed the case to this Court, the parties pursued discovery for 361 days – more than twice the "standard" discovery track of 120-150 days.  *See Doc. 83* at 1.  The parties agreed to a July 15, 2011 deadline for amendments to the pleadings, *see Doc. 17* at 2, and Plaintiff never sought an extension of this deadline.  On October 5, 2011, almost three months after the deadline to seek amendment, Plaintiff filed a Motion for Leave to File Plaintiff's First Amended Complaint.  *See Doc. 45*.  Plaintiff's proposed amendment sought to add a new party but did not propose any changes to the factual allegations concerning the alleged collision.[1]  *See id.*

More than five months later on March 21, 2012, Plaintiff filed yet a second Motion for Leave to File an Amended Complaint.  *See Doc. 125*.  This time, Plaintiff proposed, among other things, new factual allegations including that it was the *westbound* train "failed to apply the braking system or otherwise slow the train in order to avoid colliding with Patricia Williams" and "failed to sound their train horn and bell in the proper sequence in order to warn Patricia Williams of the approaching danger." *See Doc. 125-1* at ¶¶ 13-14.  Plaintiff now contends in the proposed amended complaint that it was the *westbound* train which collided with and caused the

---

[1] That motion was denied by the Honorable Judith C. Herrera just yesterday.  *See Doc. 213*.

2

death of Patricia Williams. *Id.* at ¶ 15.

In her second Motion *(Doc. 125)*, now pending before Judge Herrera, Plaintiff states that "Defendant BNSF has also long been on notice that discovery has shown some facts are at variance with the facts set forth in the complaint, which were pleaded before Plaintiff had the opportunity to conduct discovery in the case." *See Doc. 125* at 2. Plaintiff more specifically contends that "[t]he fact that the westbound BNSF train impacted Patricia Williams instead of the eastbound train and that Plaintiff has asserted negligence and premises liability and gross negligence claims is and has been known to Defendant BNSF since the inception of this suit." *Id.*

Despite this alleged prior notice to Defendant BNSF, Plaintiff submitted third supplemental discovery responses concurrently with its second Motion to Amend on March 21, 2012. *See Doc. 126*. In answer to BNSF's Interrogatory No. 19, requesting Plaintiff to "state in [her] own words what BNSF Railway Company did that caused Patricia Williams' death," Plaintiff cut and pasted her proposed Second Amended Complaint, asserting that it was the *westbound* train the collided with Ms. Williams. *See Doc. 133-1* at 2-6. BNSF attaches documentation to its Motion to Strike [Doc. 133] demonstrating that Plaintiff's third supplemental response contradicts her previous discovery responses as well as her deposition testimony—all of which assert claims related to the *eastbound* train. *See Doc. 133* at 2-3; *Doc. 133-2* at 2.

II.   **LEGAL STANDARD**

Defendant contends that Plaintiff's supplemental discovery responses should be stricken as an improper attempt to defeat summary judgment. *See Doc. 114* (arguing that summary

3

judgment should be granted in favor of Defendant BNSF because it was the westbound train and not the eastbound train that hit Ms. Williams).  Where a conflict exists between an affidavit and other evidence before the Court upon consideration of a summary judgment motion,  "courts will disregard a contrary affidavit when they conclude that it constitutes an attempt to create a sham fact issue."  *Law Co., Inc. v. Mohawk Const. and Supply Co., Inc.*, 577 F.3d 1164, 1169 (10th Cir. 2009) (quoting *Franks v. Nimmo*, 796 F.2d 1230, 1237 (10th Cir. 1986)).  To make this determination, courts within the Tenth Circuit consider whether: "(1) the affiant was cross-examined during his earlier testimony; (2) the affiant had access to the pertinent evidence at the time of his earlier testimony or whether the affidavit was based on newly discovered evidence; and (3) the earlier testimony reflects confusion which the affidavit attempts to explain."  *Id.* (quoting *Ralston v. Smith & Nephew Richards, Inc.*, 275 F.3d 965, 973 (10th Cir 2001)).

   Most recently, in *Allen v. SouthCrest Hosp.*, the Tenth Circuit declined to strike an affidavit where it did not contradict earlier testimony but merely sought to explain the affiant's earlier testimony.  *See* 455 Fed.Appx. 827, 833 n.5 (10th Cir. 2011).  Initially, the plaintiff indicated she had no difficulties with the major life activity of "caring for oneself."  *See id.* at 832.  She testified that she could go to work and stay there for eight hours a day, but "[w]hen you get home, that's when you crash and burn.  Take medication that's going to make you go to sleep and you go to sleep."  *Id.*  In a later affidavit submitted with her summary judgment response, the plaintiff stated as follows:

> On the days I had headaches I would go home after work and "crash and burn."  That is to say, I could not function or take care of any of the routine matters of caring for myself.  I could not do anything other than go home and [] go straight to bed.

*Id.* The Tenth Circuit concluded that "the affidavit was not designed to create a sham issue of fact, but to explain her earlier testimony." *Id.* at n.5.

In other decisions, the Tenth Circuit found cause to strike contradictory affidavits and other evidence. For instance, the plaintiff was not permitted to raise an alleged threat that was omitted from his prior testimony, where plaintiff was represented and cross-examined during the prior testimony, the threat was not newly discovered evidence, and there was "nothing in the [prior] deposition testimony reflecting any level of confusion or uncertainty concerning [the witness's] testimony requiring clarification or explanation." *Lantec, Inc. v. Novell, Inc.*, 306 F.3d 1003, 1017 (10th Cir. 2007).

**III. ANALYSIS**

In the present case, there exists a clear and obvious contradiction between Plaintiff's earlier allegations in the Complaint and discovery responses, both of which refer to a collision between the eastbound train and Ms. Williams, and her third supplemental responses, which now allege that the collision occurred with the westbound train. Although Plaintiff knew that Ms. Williams was in fact hit by the westbound train as early as August 26, 2011, *see Docs. 114-7, 114.11*, Plaintiff did not supplement her discovery responses until March 21, 2012, after Defendant BNSF filed its motion for summary judgment, *see Doc. 126*.

The factors relevant to the determination, however, do not support a finding that Plaintiff intends to create a sham issue of fact in order to defeat summary judgment. To the contrary, it appears that Plaintiff's initial allegations were simply incorrect, and, given that, she properly supplemented her prior discovery responses. *See* FED. R. CIV. P. 26(e). Plaintiff's previous version of the facts was provided in written discovery responses, which were not subject to cross-

5

examination, and in the deposition of the Plaintiff, where it was clear that Plaintiff had no firsthand knowledge of the facts. Her testimony consists of mere confirmation of the allegations of the Complaint, as follows:

> Q. And in the Complaint, you describe which train you say hit her; correct?
> A. Yes.
> Q. And what you say is that she was hit by the train that was going from east to west, don't you?
> A. Yeah. There was one train going east, one train going west.
> Q. And in the Complaint, you say the train that hit her was going east; correct?
> A. Yes.

*Doc. 133-2* at 2. Thus, this is not an instance where the facts have been known to Plaintiff all along, and she is improperly attempting to package them in a manner that will support her claim. I cannot find that Plaintiff is attempting to create a sham factual dispute by properly supplementing her discovery responses.

However, the deposition testimony attached to Defendant BNSF's summary judgment motion demonstrates that Plaintiff knew it was the westbound train that hit Ms. Williams no later than August 26, 2011. *See Doc. 114-7* at 6 (with Plaintiff's attorney asking the engineer of the westbound train on August 26, 2011, asking "your train was the one that killed her, correct?"); *Doc.* 114-11 at 6-8 (with Plaintiff's attorney questioning the conductor of the westbound train on August 26, 2011 about the collision)). Inexplicably, Plaintiff waited approximately seven months, until March 2012, when her response to Defendant BNSF's summary judgment motion was due, to make any effort to correct her erroneous allegations of fact. *See Docs. 122, 124-126*. Plaintiff's delay, while frustrating, does not render her supplemental discovery responses untrue or establish the known facts as a "sham."

Wherefore,

**IT IS HEREBY ORDERED** that BNSF Railway Company's Motion to Strike Plaintiff's Sham, Third Supplemental Answers to Defendant BNSF's First Set of Interrogatories Served March 21, 2012 *(Doc. 133)* is **denied**.

_____
UNITED STATES CHIEF MAGISTRATE JUDGE