IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ARLENE HALLOWAY, as Personal Representative
of PATRICIA WILLIAMS,

    Plaintiff,

v.     CIV 10-0844 JCH/KBM

BNSF RAILWAY CO. and XYZ CORPORATIONS 1-5,
ABC PARTNERSHIPS 1-5, and LMN BUSINESSES 1-5,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Plaintiff's Motion for Leave to File Plaintiff's Amended Complaint of March 21, 2012 for Wrongful Death [Doc. 125]. Having reviewed the parties' submissions and the relevant law, the Court finds the Motion is well taken in part and should therefore be granted in part.

### Background

The Court has recited the underlying facts of this case in its previous Orders and therefore will not do so again here.

The instant Motion represents Plaintiff's second attempt to file an Amended Complaint. The Court previously denied Plaintiff's first Motion for Leave to File Plaintiff's First Amended Complaint [Doc. 45]. In its earlier Memorandum Opinion and Order, the Court found that the proposed amendment, which sought to add a non-diverse party, was untimely and that Plaintiff had failed to adequately explain her delay as required by Fed. R. Civ. P. 15(a) and 16(b). *See generally* Doc. 213. According to the instant Motion, Plaintiff now seeks to amend her Complaint solely "in order to conform the pleadings with the evidence that has developed

through discovery of this case, of which Defendant BNSF has long had notice." *See* Doc. 125 at 2. Specifically, Plaintiff seeks to clarify that it was BNSF's westbound train rather than its eastbound train that struck decedent Patricia Williams and to formally assert claims for premises liability and gross negligence. *See id.* at 1-2.

Upon examination of the proposed Amended Complaint, the Court notes that it includes claims against a non-party, Na'nizhoozhi Center, Inc. ("NCI"). *See* Doc. 125-1. For the same reasons set forth in the Court's Memorandum Opinion and Order on Plaintiff's previous Motion to Amend, the Court will not allow Plaintiff to add NCI as a party and will not permit Plaintiff to assert claims against them in this litigation. *See* Doc. 213.

## Legal Standard

"The court should freely give leave [to amend] when justice so requires." FED. R. CIV. P. 15(a)(2). "The purpose of the Rule is to provide litigants 'the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties.'" *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Hardin v. Manitowoc-Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982)). Generally, "a plaintiff should not be prevented from pursuing a valid claim just because she did not set forth in the complaint a theory on which she could recover, 'provided always that a late shift in the thrust of the case will not prejudice the other party in maintaining his defense upon the merits.'" *Evans v. McDonald's Corp.*, 936 F.2d 1087, 1090-91 (10th Cir. 1991) (quoting 5 C.Wright & A.Miller, *Federal Practice & Procedure* § 1219 at 194 (1990)). However, "Courts will properly deny a motion to amend when it appears that the plaintiff is using Rule 15 to make the complaint 'a moving target,' to 'salvage a lost case by untimely suggestion of new theories of recovery,' to present 'theories seriatim' in an effort to avoid dismissal, or to 'knowingly delay raising an issue until the eve of trial.'" *Minter*, 451 F.3d

at 1206 (internal citations omitted).

Plaintiffs are not permitted "to wait until the last minute to ascertain and refine the theories on which they intend to build their case." *See id.* at 1091. Indeed, "untimeliness alone is a sufficient reason to deny leave to amend ... when the party filing the motion has no adequate explanation for the delay." *Pater v. City of Casper*, 646 F.3d 1290, 1299 (10th Cir. 2011) (quoting *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365-66 (10th Cir. 1993)). *Accord Birmingham v. Experian Info. Solutions, Inc.*, 633 F.3d 1006 (10th Cir. 2011) (holding that "a district court has discretion to deny a motion to amend as untimely when the movant's delay is unexplained").

Where, as here, a party seeks to amend after the deadline imposed by a Rule 16 scheduling order, the standard is not the lenient Rule 15(a) standard, but the "good cause" standard of Rule 16(b). *See Rowen v. New Mexico*, 210 F.R.D. 250, 252 (D.N.M. 2002) (collecting supportive cases from the First, Second, Eighth, Ninth, and Eleventh Federal Circuit Courts of Appeal). "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Id.* (quoting *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001)). "[T]he Court may grant leave to modify the pretrial schedule and amend the complaint under Rule 16(b) only if the schedule 'cannot reasonably be met despite the diligence of the party seeking the extension.'" *Id.* (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992)).

## Analysis

### I.     Plaintiff Makes No Effort to Show Good Cause for the Late Amendment.

In the instant Motion, Plaintiff argues that "Defendant BNSF has long been on notice" both of Plaintiff's proposed new claims, including the fact that "discovery has shown some facts [which] are at variance with the facts set forth in the complaint." *See* Doc. 125 at 1-2. Indeed,

3

the proposed new claims have, according to Plaintiff, "been known to Defendant BNSF since the inception of this suit." *See id.* at 2.  Regardless of Defendant BNSF's knowledge or understanding in this case, however, Plaintiff is required to show good cause, or its "diligence in attempting to meet the case management order's requirements." *Rowen*, 210 F.R.D. at 252. Here, Plaintiff waited over nine months after the JSR's deadline amend the pleadings had passed before filing the instant Motion.  It was only after Defendant BNSF filed its Motion for Summary Judgment [Doc. 114] that Plaintiff requested leave to amend.

Upon careful review of Plaintiff's Motion [Doc. 125], the Court can find no argument or citation of authority concerning Plaintiff's diligence or other good cause to grant the Motion, and Plaintiff did not file a Reply.  *See Pater*, 646 F.3d at 1299 (holding that "untimeliness alone is a sufficient reason to deny leave to amend ... when the party filing the motion has no adequate explanation for the delay").  "[T]he scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril. *Frostmann v. Culp*, 114 F.R.D. 83, 85 (M.D.N.C. 1987) (internal quotation and citation omitted).

The deadline for fact discovery in this case passed over three months before Plaintiff filed the instant Motion.  *See* Doc. 108 (noting fact discovery deadline of December 19, 2011). As the Magistrate Judge assigned to this case has noted, the discovery period in this case is already over twice as long as the "standard" track of 120-150 days.  *See* Doc. 83 at 1 (noting that the discovery period was 361 days).  Dispositive motions are fully briefed and awaiting the Court's decision.  *See* Docs. 114, 115, 205, 206, 207, 208, 209, 210, 211.  Trial is set to begin on October 14, 2012. *See* Doc. 91.

    **II.**    **Defendant BNSF Cannot Show Prejudice Resulting From Limited Amendment to Conform to the Evidence.**

Despite Plaintiff's failure to demonstrate good cause, the Court notes that generally, "a plaintiff should not be prevented from pursuing a valid claim just because she did not set forth in the complaint a theory on which she could recover, 'provided always that a late shift in the thrust of the case will not prejudice the other party in maintaining his defense upon the merits.'" *Evans v. McDonald's Corp.*, 936 F.2d 1087, 1090-91 (10th Cir. 1991) (quoting 5 C.Wright & A.Miller, *Federal Practice & Procedure* § 1219 at 194 (1990)).

Far from showing prejudice from the proposed amendment to assert a premises liability claim, Defendant BNSF admits it has known of Plaintiff's intent to pursue such a claim since depositions that occurred in December 2011. *See* Doc. 143 at 5. The Court is additionally persuaded that BNSF will suffer no prejudice from allowing Plaintiff to amend the Complaint (1) to clarify that it was the westbound train rather than the eastbound train that struck Ms. Williams and (2) to allege gross negligence by BNSF.

Given the lack of prejudice to Defendant BNSF by these more limited amendments, the Court finds that the interests of justice require that leave be granted for such amendments.

## Conclusion

The Court finds that good cause exists to grant Plaintiff's Motion for Leave to File Amended Complaint of March 21, 2012 [Doc. 125] in part. Plaintiff will therefore be permitted to file its proposed Amended Complaint [Doc. 125-1], provided that she first omits any reference to proposed Defendant NCI, including but not limited to the references in the following Paragraphs: 5, 6, 7, 8, 58-71.

IT IS SO ORDERED

_____
UNITED STATES DISTRICT JUDGE