IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ARLENE HALLOWAY, as Personal Representative
of PATRICIA WILLIAMS,

    Plaintiff,

v.                                                     CIV 10-0844 JCH/KBM

BNSF RAILWAY CO. and XYZ CORPORATIONS 1-5,
ABC PARTNERSHIPS 1-5, and LMN BUSINESSES 1-5,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Defendant BNSF Railway Company's First Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6) for Failure to State a Claim for Premises Liability or, in the Alternative, for Partial Summary Judgment Under FED. R. CIV. P. 56 Dismissing Any Purported Premises Liability Claim and First Motion in Limine to Exclude Any Evidence or Argument Relating Thereto [Doc. 115]. Having reviewed the parties' submissions and the relevant law, the Court finds the Motion is well taken in part and should therefore be granted in part.

## Background

This case arises out of the death of Patricia Williams, Plaintiff's adult niece, who was killed upon impact with a train operated by Defendant BNSF Railway Company ("BNSF") on September 8, 2007. *See* Doc. 1-2 at ¶ 11. The facts of the case, as noted in the Court's most recent Memorandum Opinion and Order granting partial summary judgment to Defendant BNSF [Doc. 260], are undisputed. There are two sets of tracks near the location where Ms. Williams was killed, both running east-west. A BNSF train traveling east on the north track passed Ms.

Williams' location, and its engineer noted that she was standing on the south track.  Shortly thereafter, a train traveling west on the south track passed the eastbound train and hit Ms. Williams.  At or near the time of impact, Ms. Williams' blood alcohol content (BAC) was 0.403 grams per deciliter in vitreous fluid and 0.366 grams per deciliter in femoral blood.  Although BNSF was aware that trespassers–including intoxicated individuals–sometimes entered BNSF property and even walked on the train tracks, there was no fencing, no lighting, no "no trespassing" signs, no barricades, and little, if any, patrolling by BNSF agents in the area where Ms. Williams was killed.

  Plaintiff filed this litigation on September 7, 2010, the day before the statute of limitations was set to expire.  *See* Doc. 1-2.  *See also* NMSA 1978, § 37-1-8 (providing a three-year statute of limitation "for an injury to the person or reputation of any person); NMSA 1978, § 41-2-2 (providing that every action brought under New Mexico's Wrongful Death Act "must be brought within three years" of the date of death).  Although the initial Complaint did not formally state a claim for premises liability, the Court granted Plaintiff's Motion to Amend.  *See* Doc. 254.  Plaintiff now contends that "[o]ther near misses had occurred at the area of these railroad tracks" before Ms. Williams' death.  Doc. 125-1 at ¶ 39.  Thus, Defendant BNSF "was aware of and put on notice of a dangerous condition which existed on their [sic] property and was foreseeable and posed an unreasonable risk of bodily harm or death to others."  *Id.* at ¶ 43.  Because Defendant BNSF failed to warn Ms. Williams, Plaintiff claims she is entitled to damages.  *See id.* at ¶¶ 45-46. Alternatively, Plaintiff pleads that

> Defendant BNSF has a duty to use ordinary care to avoid injury because (1) the activity involved an unreasonable risk of death or great bodily harm to persons coming onto the land, (2) Defendant BNSF knew or should reasonably have known that there were intrusions by trespassors and/or visitors on the land in dangerous

     proximity to the activity, and (3) Defendant BNSF had reason to
     believe Patricia Williams would not realize the risk of harm involved.

*Id.* at ¶ 44.

## Legal Standard

**A. Motions to Dismiss Pursuant to FED. R. CIV. P. 12(b)(6)**

  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007). "[T]he mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for these claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original). Moreover, although the Court must assume the truth of the properly alleged, or "well-pleaded," facts in the Complaint, the Court has no obligation to accept conclusory allegations as true. *See Cory v. Allstate Ins.*, 583 F.3d 1240, 1244 (10th Cir. 2009).

**B. Motions for Summary Judgment Pursuant to FED. R. CIV. P. 56**

  "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED.R.CIV.P. 56(a). A "genuine" dispute exists where the evidence is such that a reasonable jury could resolve the issue either way. *See Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). A mere scintilla of evidence in the non-movant's favor is not sufficient.

*Anderson*, 477 U.S. at 252. However, the court must consider all the evidence in the light most favorable to the party opposing summary judgment. *See Trask v. Franco*, 446 F.3d 1036, 1043 (10th Cir. 2006).

Both the movant and the party opposing summary judgment are obligated to "cit[e] to *particular parts* of materials in the record" to support their factual positions. FED.R.CIV.P. 56(c)(1)(A) (emphasis added). Alternatively, parties may "show[] that materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." FED.R.CIV.P. 56(c)(1)(B). *See also Medlock v. United Parcel Service, Inc.*, 608 F.3d 1185, 1189 (10th Cir. 2010) ("[I]f the matter in issue concerns an essential element of the nonmovant's claim, the moving party may satisfy the summary judgment standard 'by identifying a lack of evidence for the nonmovant on [that] element.'" (internal quotation and citation omitted) (alteration in original)). Materials cited to establish the presence or absence of a genuine dispute must be in a form that would be admissible in evidence. FED.R.CIV.P. 56(c)(2).

The court need only consider the materials cited by the parties. FED. R. CIV. P. 56(c)(3). In the event that a party fails to cite materials or otherwise properly address another party's assertion of fact, the court may consider the fact undisputed and, if the motion and supporting materials show that the movant is entitled to it, grant summary judgment. FED. R. CIV. P. 56(e). The court is also empowered to grant summary judgment, if appropriate, independent of the motion after giving notice and a reasonable time to respond. FED. R. CIV. P. 56(f).

## Analysis

Defendant BNSF contends that Plaintiff's premises liability claim should be dismissed because Plaintiff has not alleged facts sufficient to render her premises liability claim plausible.

*See* Doc. 115 at 7-9.  Alternatively, BNSF seeks summary judgment on the premises liability claim.  *See id.* at 10-16.  Naturally, both arguments hinge on principles of landowner liability under New Mexico law, where

> [a] landowner or occupier of a premises must act as a reasonable man in maintaining his property in a reasonably safe condition in view of all the circumstances, including the likelihood of injury to another, the seriousness of the injury, and the burden of avoiding the risk. This duty of care shall extend to all persons, other than trespassers, who enter the property with the defendant's consent, express or implied.

*Ford v. Bd. of Cnty. Comm'rs*, 118 N.M. 134, 139, 879 P.2d 766, 771 (1994).  *See also* UJI 13-1309 NMRA 2012 (regarding landowner's duty to visitor).  When the claimant is a trespasser rather than a visitor, the landowner's duty is much more limited.  Under these circumstances, the landowner has a duty to use ordinary care to avoid injury to a trespasser only if: (1) the landowner is engaged in activities on its land that involve an unreasonable risk of death or great bodily harm to persons coming onto the land; (2) the landowner knows or should reasonably know that there are constant intrusions by trespassers; and (3) the landowner has reason to believe that such trespassers will not realize the risk of harm involved.  *See* UJI 13-1306 NMRA 2012.

      BNSF contends that Ms. Williams was a trespasser, as a matter of law, at all times relevant to the Complaint.  Plaintiff's Amended Complaint does not specifically allege that Ms. Williams was either a visitor or a trespasser.  *See* Doc. 125-1 at ¶ 9 (asserting simply that "Patricia Williams was near the area of Milepost 156.5 of the BNSF tracks in McKinley County, New Mexico (herein referred as to [sic] the 'area of the incident').").  However, Plaintiff contends that "Defendant BNSF Railway Co. as a premises owner owed Plaintiff a duty to exercise ordinary care," *see id.* at ¶ 40, implying that Plaintiff intends to claim that Ms. Williams

5

was a visitor rather than a trespasser. In the alternative, Plaintiff also pleads the elements of trespasser liability, arguing that "BNSF knew or should reasonably have known that there were intrusions by trespassers and/or visitors" and that "BNSF had reason to believe that Patricia Williams would not realize the risk of harm involved." *Id.* at ¶ 44. Factually, Plaintiff also alleges that "[o]ther near misses had occurred at the area of these railroad tracks prior to September 8, 2007." *Id.* at ¶ 39. Plaintiff further asserts that " BNSF was aware of and put on notice of a dangerous condition which existed on their [sic] property and was foreseeable and posed an unreasonable risk of bodily harm or death to others." *Id.* at ¶ 43.

### A.   Plaintiff Has Not Alleged Sufficient Facts to Render Her Premises Liability Claim Plausible.

Plaintiff argues that there is a genuine issue of material fact as to whether Ms. Williams is properly characterized as a visitor rather than a trespasser. *See* Doc. 124 at 6. She states that "[t]he facts in this case show that BNSF granted an implied invitation onto its property by failing to put up fences, failing to put up no trespasser signs, failing to monitor the premises, and upon learning that someone was on their property, failing to ensure that they were removed." *Id.* However, none of these alleged facts appears in Plaintiff's Amended Complaint. Because Plaintiff's Amended Complaint fails to allege such facts, Plaintiff's claim that she was a visitor rather than a trespasser and that BNSF therefore owes her a duty of ordinary care is not plausible.

To state a plausible claim for premises liability as a trespasser, Plaintiff must assert some facts, rather than restate legal conclusions, relevant to her burden of showing that: (1) BNSF was engaging in unreasonably dangerous activity; (2) BNSF knew or should have known there were constant intrusions by trespassers; and (3) BNSF knew or should have known that Ms. Williams

would not realize the harm involved in BNSF's activity.  *See* UJI 13-1306 NMRA 2012.

The Court notes that Plaintiff has sufficiently pled BNSF's knowledge of other trespassers in the area of Milepost 156.5.  *See* Doc. 125-1 at ¶17 (mentioning four other wrongful death/personal injury lawsuits against BNSF arising out of the same area of track).  However, there are no factual allegations concerning BNSF's unreasonably dangerous activity (presumably, the presence of trains) or BNSF's knowledge that Ms. Williams would not realize the harm from such activity.  *See generally id.*  In Plaintiff's Response Brief, she notes "the unique danger that involved two trains *passing each other simultaneously*, which is just what happened in this case."  Doc. 124 at 8.  To the extent that BNSF intends to allege unreasonably dangerous activity, Plaintiff has not alleged sufficient facts in her Complaint.  Plaintiff also notes "it is undisputed that Ms. Williams was intoxicated at the time of her death; and therefore, was most likely unaware of the dangers of her actions."  *Id.*  However, Plaintiff has not alleged either Ms. Williams' intoxication or any facts tending to show why BNSF should have been aware of Ms. Williams' intoxication in her Amended Complaint.  Therefore, Plaintiff has also failed to allege facts sufficient to render her claim for trespasser liability plausible.

**B.     Even if the Court Were to Disregard Plaintiff's Pleading Deficiencies, BNSF is Entitled to Summary Judgment on Plaintiff's Premises Liability Claim**.

BNSF contends not only that Plaintiff has not sufficiently pled a claim for premises liability, but that she cannot prove such a claim as a matter of law.  The Court agrees.  First, Plaintiff alleges that Ms. Williams was a visitor pursuant to BNSF's implied invitation.  The alleged invitation is based entirely upon BNSF's "fail[ure] to put up fences, fail[ure] to put up no trespasser signs, fail[ure] to monitor the premises, and upon learning that someone was on their [sic] property, fail[ure] to ensure that they were removed."  *See* Doc. 124 at 6.  Plaintiff cites no

law in support of her argument that BNSF's aforementioned failures amount to an implied invitation to Ms. Williams to enter the railroad property.

Defendant BNSF cites to a number of railroad decisions in support of its position that it owed no duties to put up fences, put up "no trespasser" signs, monitor the premises, or remove trespassers of which it was aware. For instance, the federal district court for the Northern District of New York has recognized that "[a]bsent a statutory requirement, railroad owners do not have a duty to fence their property to prevent trespassing." *Bowen v. Nat'l R.R. Passenger Corp.*, 363 F.Supp.2d 370, 378 (N.D.N.Y. 2005). Likewise, the *Bowen* court also held that the railroad had no duty to post signs, including "No Trespassing" signs. *Id.* at 377 (noting, under the same ordinary care standard applicable to visitors in New Mexico, that "[i]t cannot be said that additional warnings would have had any effect on plaintiff's conduct."). With regard to the alleged duty to patrol and detect trespassers, Defendant refers the Court to decisions out of Pennsylvania (as affirmed by the Third Circuit) and Ohio. In *Heller v. Consol. Rail Corp.*, the federal district court for the Eastern District of Pennsylvania held it was "well settled in Pennsylvania that a railroad has no duty to patrol its stationary cars" and, further, that "[c]ourts have recognized that the imposition of such a duty would result in an unduly burdensome task for the railroad and would frustrate its ability to operate with any degree of effectiveness." 576 F.Supp. 6, 10 (E.D.Pa. 1982), *aff'd* 720 F.2d 662 (3rd Cir. 1983). Similarly, in *Preston v. Baltimore & Ohio R.R. Co.*, the Ohio Court of Appeals held that a railroad owed "no statutory or common-law duty to fence its right-of-way against trespassers or provide watchmen or other personnel to prevent trespass." 550 N.E.2d 191, 195 (Ohio Ct. App. 1988).

Generally, courts have held that railroads have no duty to warn individuals of the dangers associated with trains because "[n]othing could be more pregnant with warning of danger than

the noise and appearance of a huge, rumbling string of railroad cars." *See, e.g., Herrera v. S. Pac. Co.*, 10 Cal.Rptr. 575, 580 (1961).  Given this, courts have long questioned what possible utility a sign or a fence could serve.  *See, e.g., Anderson v. Illinois Central Rd. Co.*, 2012 WL 1080521 at *2 (5th Cir. April 2, 2012) ("Because the tracks themselves warn of the obvious danger of trains moving upon them, and because pedestrians have no right to be on the tracks, the engineer of a train only has a duty to those pedestrians he has actually seen on the tracks.").

Courts have also recognized, contrary to Plaintiff's argument, that the absence of patrolling and fences and signage is not indicative of an invitation onto the premises.  For instance, the Ohio Court of Appeals quoted the Restatement (Second) of Torts § 60, comment c:

> A failure to take burdensome and expensive precautions against instrusion manifests only an unwillingness to go to the trouble and expense of preventing others from trespassing on the land, and indicates only toleration of the practically unavoidable, rather than consent to the entry as licensee.  Even a failure to post a notice warning to the public not to trespass cannot reasonably be construed as an expression of consent to the intrusion of persons who habitually and notoriously disregard such notices.

*Boydston v. Norfolk S. Corp.*, 598 N.E.2d 171, 174 (Ohio App. 1991).

The Court is persuaded by Defendant BNSF's argument and authorities, and is unwilling to hold, contrary to the weight of authority and in the absence of any contrary authority offered by Plaintiff, that Ms. Williams was a visitor under an implied invitation arising out of BNSF's failure to fence, post signs or patrol for trespassers.

Having held that Ms. Williams was a trespasser as a matter of law, the Court moves now to consider whether summary judgment is appropriate as to Plaintiff's claims that BNSF nonetheless owed Ms. Williams a duty to care.  Such a duty is owed only if three conditions are met: (1) BNSF is conducting activity that involves an unreasonable risk of death or great bodily

9

harm; (2) BNSF knows or should reasonably know that there are constant intrusions onto the area in which it is conducting such activity; and (3) BNSF knows or has reason to believe that Ms. Williams will not realize the risk of harm involved. *See* UJI 13-1306 NMRA 2012. Defendant BNSF argues that Plaintiff cannot demonstrate the third of these elements and, for this reason alone, summary judgment should be entered in its favor on Plaintiff's premises liability claim. *See* Doc. 115 at 6.

Defendants cite a plethora of case law that conclusively establishes that Ms. Williams is charged, as a matter of law, with an understanding of the potential harm involved with trains. *See* Doc. 115 at 11 (citing, for example, *Candelaria v. Atchison, Topeka & Santa Fe Ry. Co.*, 6 N.M. 266, 27 P. 497, 502 (1891) (holding that "[a] railroad track is always a dangerous place for a person to be, and they are presumed to know that it is so")). Plaintiff cites no contrary authority, but suggests that the undisputed fact that Ms. Williams was intoxicated at the time of her death demonstrates she "was most likely unaware of the dangers of her actions." *See* Doc. 124 at 8. Plaintiff argues further that "BNSF was *well aware* of this danger to persons such as Ms. Williams, as BNSF had knowledge that in the Gallup area a number of intoxicated persons would often enter the right of way, several of which in the past had been killed." *Id.* However, Ms. Williams' intoxication does not provide a reason why BNSF should have concluded that she could not appreciate the danger that a train posed to her. As Defendant BNSF points out, courts routinely hold that children are charged with an understanding of the danger posed by trains. *See, e.g.,* Doc. 146 at 10 (citing *Nixon v. Norfolk So. Corp*, 2007 WL 4190705 at *8 (W.D. Pa. Nov. 21, 2007), *aff'd* 295 Fed. Appx. 523 (3rd Cir. 2008) (finding that "a moving train under ordinary conditions may reasonably be expected to be fully understood and appreciated by any child of an age to be allowed at large")).

In sum, the Court finds there are no material facts in dispute.  Initially, Plaintiff has not alleged sufficient facts in order to render her premises liability claims plausible.  Moreover, Ms. Williams, as a matter of law, was a trespasser at the time of her death.  Thus, BNSF owed her no duty of care because it had no reason to believe that Ms. Williams would not realize the risk of harm involved from a moving train.  Summary judgment will therefore be entered in Defendant BNSF's favor on Plaintiff's claim for premises liability.

**C.     Plaintiff's**

In addition to the requested dismissal of Plaintiff's premises liability claims, BNSF seeks to exclude "any evidence or argument relating to the purported premises liability claim" as well. *See* Doc. 115 at 16.  BNSF asserts that the reports of experts William Berg, Curtis Flynn, and Rodney Williams contain facts and opinions that are not relevant to claims other than Plaintiff's premises liability claim.  *See id.* at 16-17.  In particular, BNSF seeks to exclude evidence concerning: prior reports of trespassers or pedestrians in the area of Milepost 156.5; prior train/pedestrian/trespasser accidents in the area of Milepost 156.5; the physical condition of the BNSF right-of-way in the area of Milepost 156.5; the presence or absence of fencing, barricades, surveillance, or "other trespasser abatement measures" in the area of Milepost 156.5; the existence of homeless/transient/pedestrian camps within the BNSF right-of-way in the area of Milepost 156.6; BNSF's "Trespasser Abatement Program" and its use of employees or other agents to patrol the area, and the "Operation Lifesaver" program.  *See id.* at 17.

Plaintiff responds that "most if not all the evidence BNSF seeks to exclude is also relevant as to the negligence of BNSF, and is therefore admissible."  *See* Doc. 124 at 11. Additionally, Plaintiff argues that BNSF's motion in limine "lacks the necessary specificity with respect to the evidence to be excluded."  *See id.* (quoting *First Sav. Bank, F.S.B. v. U.S.*

11

*Bancorp*, 117 F.Supp.2d 1078, 1082 (D. Kan. 2000).

At the outset, the Court has not yet been educated about the "Operation Lifesaver" or "Trespasser Abatement Program" at issue and therefore lacks sufficient facts from which to determine whether these programs are potentially relevant to Plaintiff's remaining negligence claims. Absent more specific facts and argument concerning these and the other topics set forth in BNSF's Motion, the Court cannot conclude that such evidence should be excluded from trial. *See Black v. M & W Gear Co.*, 269 F.3d 1220, 1230 (10th Cir. 2001) (holding that a "nonspecific pretrial motion *in limine* did not account for trial context, the character of the evidence, or the theory upon which the plaintiff offered the evidence"). The Court will therefore deny Defendant BNSF's Motion *In Limine* as presented.

## Conclusion

For the foregoing reasons, the Court will grant Defendant BNSF's Motion in part. Plaintiff's claim for premises liability therefore dismissed with prejudice.

**IT IS THEREFORE ORDERED** that Defendant BNSF Railway Company's First Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6) for Failure to State a Claim for Premises Liability or, in the Alternative, for Partial Summary Judgment Under Fed. R. Civ. P. 56 Dismissing Any Purported Premises Liability Claim and First Motion in Limine to Exclude Any Evidence or Argument Relating Thereto [Doc. 115] is **GRANTED IN PART and DENIED IN PART**.

**IT IS FURTHER ORDERED**, in light of the Court's ruling herein, that the following pending motions are moot and therefore **DENIED**: (1) BNSF Railway Company's Third Motion for Summary Judgment on Plaintiff's Purported Premises Liability Claim [Doc. 205]; (2) BNSF Railway Company's Fourth Motion for Summary Judgment on Plaintiff's Purported Premises

Liability Claim [Doc. 206]; (3) BNSF Railway Company's Fifth Motion for Summary Judgment on Any Purported Premises Liability Claim [Doc. 207]; and (4) Plaintiff's Motion for Partial Summary Judgment in Support of Plaintiff's Premises Liability Claim [Doc. 211].

_____
UNITED STATES DISTRICT COURT JUDGE