**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

ARLENE HALLOWAY, as Personal Representative
of PATRICIA WILLIAMS,

     Plaintiff,

v.                                        CIV 10-0844 JCH/KBM

BNSF RAILWAY CO. and XYZ CORPORATIONS 1-5,
ABC PARTNERSHIPS 1-5 and LMN BUSINESSES 1-5,

     Defendants.

## ORDER ON DEFENDANT'S MOTION FOR AWARD OF FEES *(DOC. 223)*

THIS MATTER comes before the Court on Defendant BNSF Railway Company's Fed.

R. Civ. P. 37(a)(5)(B) Motion for Award of Reasonable Expenses Incurred in Opposing

Plaintiff's Motion to Compel and Reconsider, filed June 15, 2012 and fully briefed on July 10,

2012. *See Docs. 223, 239, 235, 236.* Having reviewed the parties' submissions and the relevant

law, I find the Motion is well-taken and should be granted.

**I.**      **BACKGROUND**

This lawsuit arises out of the death of Patricia Williams, who was standing on a railroad

track owned and operated by Defendant BNSF Railway Co. when a BNSF train hit her, killing

her upon impact.

In discovery, Plaintiff sought documents and information relating to other similar

incidents occurring within five miles of Milepost 156.5, where Ms. Williams was struck and

killed. *See Doc. 215* at 2-3. By Order dated July 7, 2011, I limited Plaintiff's interrogatories and

requests pursuant to Fed. R. Civ. P. 26(b)(2)(C). *See Doc. 36.* Although Plaintiff could have

1

appealed my Order to the District Judge assigned to this case, she did not do so within the 14-day deadline.  Instead, Plaintiff filed a Motion to Compel *(Doc. 78)*, essentially seeking reconsideration of the discovery limitations established in my prior Order *(Doc. 36)*.  By Order dated February 1, 2012, I denied Plaintiff's request for reconsideration with slight exception. *See Doc. 102.*  Again, Plaintiff chose not to appeal my ruling to the District Judge.

Plaintiff sought reconsideration of my order limiting discovery for a third time when she filed a Motion to Compel and Motion to Reconsider on April 2, 2012.  *See Doc. 135.*  I declined Plaintiff's third invitation to revisit my earlier ruling on June 8, 2012, holding that "[t]o whatever extent Plaintiff felt that [expanded discovery] might be relevant and discoverable to [her] case, it was incumbent upon her to present this argument prior to the July 2011 Order or, at a minimum, appeal the July 2011 Order to the District Judge."  *Doc. 215* at 4.

## II.    LEGAL STANDARD

When a Motion to Compel is denied, the Court "must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed th emotion its reasonable expenses incurred in opposing the motion, including attorney's fees."  FED. R. CIV. P. 37(a)(5)(B).  Payment of such fees is not required where the motion to compel was "substantially justified" or where "other circumstances make an award of expenses unjust."  *Id.*

## III.    ANALYSIS

Over three months ago, in my most recent Order regarding the limitations on discovery, I found that "Plaintiff's request to essentially reopen fact discovery, which closed December 19, 2011, and potentially require supplementation of expert reports, which were exchanged in March 2012, is unreasonable and would be prejudicial, particularly in light of the impending October

2012 trial date." *Doc. 215* at 4.  Needless to say, I denied Plaintiff's Motion to Compel and Reconsider *(Doc. 135)*.  *See id.*

Although I made no mention of attorney's fees or expenses in that Order, Defendant BNSF is correct that under these circumstances, the Court "must" award reasonable expenses, including attorney's fees to the party opposing the Motion.  *See* FED. R. CIV. P. 37(a)(5)(B).  I find that an award of such expenses is particularly appropriate where, as here, the Court has already twice denied Plaintiff's same request to expand the scope of discovery, and where Plaintiff failed to appeal prior similar orders to the District Judge.

Plaintiff contends that its repeated requests for reconsideration are "substantially justified."  In fact, Plaintiff actually argues that "the Court found that Plaintiff's Motion *was justified*."  *See Doc. 229* at 3 (emphasis added).  This is absolutely false.  Not only did I find Plaintiff's position "untenable" and "unreasonable" in my prior Order but I also ruled that "[m]y earlier limitations upon discovery were clear," and I reminded counsel that to whatever extent they felt that discovery should have been expanded beyond the earlier limitations I set, "it was incumbent upon [them] to present this argument prior to the July 2011 Order or, at a minimum, appeal the July 2011 Order to the District Judge." *Doc. 215* at 4.  Plaintiff's position in the Motion at issue was not substantially justified.

Having reviewed the parties' submissions, I note that Defendant has incurred $1,120.00 in fees and costs.  I find this figure is reasonable.

## IV.    CONCLUSION

The Court "must" award reasonable expenses to the party opposing an unsuccessful Motion to Compel, unless the motion was "substantially justified."  FED. R. CIV. P. 27(a)(5). Because I find that Plaintiff's position, which had already been rejected twice, was not

substantially justified, I will award Defendants their reasonable expenses, including attorney's fees in opposing Plaintiff's Motion *(Doc. 135)*.  I further find that Defendant's expenses in the amount of $1,120.00 are reasonable.

**Wherefore,**

**IT IS ORDERED** that Defendant BNSF Railway Company's Fed. R. Civ. P. 37(a)(5)(B) Motion for Award of Reasonable Expenses Incurred in Opposing Plaintiff's Motion to Compel and Reconsider *(Doc. 223)* is **granted**.  Plaintiff is ordered to pay Defendant's expenses in the amount of $1,120.00 within ten (10) days of this Order.

_____
**UNITED STATES CHIEF MAGISTRATE JUDGE**